**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 4:18-cv-697-ALM |
| | § | |
| ACER INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT ACER INC.'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>**

## <u>TABLE OF CONTENTS</u>

I.  THE DIRECT INFRINGEMENT ALLEGATIONS ARE INSUFFICIENTLY VAGUE AND DO NOT GIVE PROPER NOTICE.............................................. 1

II.  THERE IS NO PLAUSIBLE CLAIM OF DIRECT INFRINGEMENT AS TO THE MARIA PATENTS ........................................................................... 3

III.  THE INDUCED INFRINGEMENT ALLEGATIONS FAIL TO MEET THE PLEADING STANDARD OF GLOBAL-TECH............................................. 4

IV.  THE CONTRIBUTORY INFRINGEMENT ALLEGATIONS DO NOT MEET THE PLEADING STANDARDS OF BOTH GLOBAL-TECH AND INMOTION IMAGERY ................................................................................................. 4

V.  THE WILLFUL BLINDNESS ALLEGATIONS HAVE NO FACTUAL BASIS ........... 6

VI.  THE WILLFUL INFRINGEMENT ALLEGATIONS DO NOT MEET THE KNOWLEDGE OF RISK REQUIREMENT .................................................. 7

VII.  AT MINIMUM, PRE-SUIT WILLFUL INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED .......................................................................... 8

VIII.  CONCLUSION........................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)..................................................................................3

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009).....................................................................................1, 2, 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................1, 2, 7, 8

*Blitzsafe Texas, LLC v. Volkswagen Group of Am., Inc.*,
   No. 215CV1274JRGRSPLEADC, 2016 WL 4778699 (E.D. Tex. Aug. 19,
   2016) ............................................................................................................9

*Commil USA, LLC v. Cisco Systems, Inc.*,
   135 S. Ct. 1920 (2015).................................................................................4

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ..........................4

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018)..................................................................1, 3

*Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am., Inc.*,
   No. 6:11-CV-34-LED-JDL, 2011 WL 13223466 (E.D. Tex. Sept. 29, 2011) ........................2

*Ericsson, Inc. v. D-Link Systems, Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014)..................................................................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)..................................................................................6

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016)...........................................................................7, 8

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
   No. 216CV00052JRGRSP, 2017 WL 1129951 (E.D. Tex. Feb. 21, 2017) ........................7

*i4i Limited Partnership v. Microsoft Corp.*,
   670 F.Supp.2d 568 (E.D. Tex. 2009)........................................................5

*InMotion Imagery Techs. v. Brain Damage Films*,
   No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012)...............................4, 6

*Landmark Tech. LLC v. Aeropostale*,
No. 6:09 CV 262, 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010) ............................................2

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ............................................................................................1

*MONEC Holding AG v. Motorola Mobility, Inc.*,
897 F. Supp. 2d 225 (D. Del. 2012) ......................................................................................6

*Nonend Inventions, N.V. v. Apple. Inc.*,
No. 2:15-CV-466-JRG-RSP, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) .........................6
No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016) .........................9

*Ormco Corp. v. Align Tech., Inc.*,
463 F.3d 1299 (Fed. Cir. 2006) ............................................................................................3

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
6:11-CV-229, 2012 WL 9864381 (E.D. Tex. July 27, 2012) ..................................................8

*Realtime Data, LLC v. Stanley*,
721 F. Supp. 2d 538 (E.D. Tex. 2010) ..................................................................................2

*Script Sec. Solutions L.L.C. v. Amazon.com, Inc.*,
170 F. Supp. 3d 928 (E.D. Tex. 2016) ..................................................................................8

*T-Rex Prop. AB v. Regal Entm't Group*,
No. 6:16-CV-1029-RWS-KNM, 2017 WL 4229372 (E.D. Tex. Aug. 31, 2017) ...............8, 9

*Vasudevan Software, Inc. v. TIBCO Software, Inc.*,
No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .......................................7

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
837 F.3d 1358 (Fed. Cir. 2016) ............................................................................................8

**Statutes**

35 U.S.C. § 271(a) ..............................................................................................................3

Fed. R. Civ. Proc. 12(b)(6) ..................................................................................................1

**Other Authorities**

M. Lemley, *Ignoring Patents*, 2008 Mich. St. L. Rev. 19, 21-22 (2008) .......................7

Acer Inc. submits the following reply in support of its Motion to Dismiss American Patents' Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) ("Motion").

## I.   THE DIRECT INFRINGEMENT ALLEGATIONS ARE INSUFFICIENTLY VAGUE AND DO NOT GIVE PROPER NOTICE

Plaintiff's Opposition to Acer's Motion to Dismiss ("Opposition) misreads Acer's motion as requesting element-by-element infringement contentions to satisfy the *Twombly* and *Iqbal* pleading requirements. Dkt. No. 17 at 3. That is incorrect.  Acer is simply asking for American Patents to adequately plead "facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

In its Opposition, American Patents argues that its complaint is analogous to the complaint in *Disc Disease.* Dkt. No. 17 at 6. Unlike the present case, the technology at issue in *Disc Disease* was a concrete, tangible and comparatively simple inflatable spinal brace.  It was clear from the outset that the accused product, an "inflatable belt with support panels" could plausibly be the basis of infringement for a claim involving "a spinal brace comprising: a flexible air injectable band." Compare Disc Disease Complaint, Dkt. No. 17-2 ¶¶ 14-15 and US Patent No. 8,012,113. Thus, a picture and two paragraphs were deemed sufficient to allege direct infringement because "[the] case involves a simple technology." *Disc Disease Solutions. Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

Here, by contrast, the claims in question are directed to, among other things, a method for synchronizing Multi-Input Multi-Output Orthogonal Frequency Division Multiplexing, a method of authenticating requests for shared network resources in a computer network, and a method for configuring an input device. These are "more nebulous, less tangible inventions" relating to software methods and correspondingly should require a "higher degree of specificity to provide proper notice to the defendant" as compared to cases involving something more concrete and

tangible such as an electric motor. *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am., Inc.*, No. 6:11-CV-34-LED-JDL, 2011 WL 13223466, at *3 (E.D. Tex. Sept. 29, 2011) ("[i]n cases involving a concrete, tangible invention such as an 'electric motor,' identification of a general category of products is more likely to be sufficient . . . [h]owever cases involving more nebulous, less tangible inventions such as computer software methods may require a higher degree of specificity to provide proper notice to the defendant.").

Plaintiff's Complaint is similar to the complaints at issue in *Realtime Data, LLC v. Stanley* and *Landmark Tech. LLC v. Aeropostale*. In *Realtime Data*, even under the more liberal pleading standards of Form 18, an allegation accusing "one or more data compression products or services" was held to be too vague to meet the pleading standards of *Twombly, Iqbal* or Form 18. *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 543-44 (E.D. Tex. 2010). Similarly, in *Landmark Tech*, an allegation accusing "products and services using electronic commerce systems" was also deemed too vague to "state a claim for relief that is plausible on its face" under the pleading standards of *Twombly, Iqbal*, and Form 18. *Landmark Tech. LLC v. Aeropostale*, No. 6:09 CV 262, 2010 WL 5174954, at *3-4 (E.D. Tex. Mar. 29, 2010). Here, Plaintiff's Complaint accuses, for example, "systems . . . that include 802.11ac and/or LTE capabilities," "products including an apparatus for synchronizing a communication system," "systems that allow for initiation and/or control of internet streamed content," "systems utilizing a method for providing access to a network resource," "systems that include advanced keyboard layouts," and most strangely, "systems utilizing a method." Dkt. No. 1 ¶¶ 12, 40, 50, 64, 73, 52. Without additional detail, it is unclear, for example, as to what "systems utilizing a method for providing access to a network resource" refers to or what would *not* be captured by accusing "systems utilizing a method." *See Realtime Data, LLC*, 721 F. Supp 2d at 543. Given the complex nature of the technology at issue,

- 2 -

American Patents' reliance on *Disc Disease* is misplaced and its claims for direct infringement should be dismissed.

## II.   THERE IS NO PLAUSIBLE CLAIM OF DIRECT INFRINGEMENT AS TO THE MARIA PATENTS

American Patents' claims of direct infringement under 35 U.S.C. § 271(a) should also be dismissed as a matter of law because Acer cannot have performed the patented methods on its own and the complaint does not allege purchasers of the accused products perform the steps of the patented method in circumstances giving rise to vicarious liability for Acer. Infringement of a method claim occurs only "when the claimed process is performed." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *see also Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1220-1222 (Fed. Cir. 2014). Further, according to *Akamai Techs., Inc. v. Limelight Networks, Inc.,* vicarious liability for direct infringement, or divided infringement, only arises if the defendant directs or controls others' performance or where the actors form a joint enterprise. 797 F.3d 1020, 1022 (Fed. Cir. 2015).

As stated in its Motion, Acer devices do not have the Google Home application pre-installed and Acer does not offer any products that are bundled with a Google Chromecast. Dkt. No. 16 at 13.  American Patents' only response is that "Acer Iconia tablets run on the Android operating system, which is specifically designed to work with and stream to Google Chromecast devices."  Dkt. No. 17 at 7.  This argument, however, does not remedy the fact that Acer's Iconia tablets cannot perform the asserted methods without modification by the user. *Id*. American Patents' complaint, however, fails to allege any basis for any such user modifications to be attributed to Acer.

## III.   THE INDUCED INFRINGEMENT ALLEGATIONS FAIL TO MEET THE PLEADING STANDARD OF GLOBAL-TECH

In its Opposition, American Patents does not address its failure to meet the pleading standards for induced infringement. The Opposition does not address knowledge or specific intent and merely points to the allegation that Acer "distribut[ed] instructions that guide users to use the products in an infringing matter." Dkt. No. 17 at 9. Such "generic allegations that an alleged infringer provides instructional materials along with the accused products, *without more*, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (finding that failure to allege basic facts identifying *which functionalities of the products are at issue or how the instructions direct customers to use those products* fails the Rule 8 notice requirement) (emphasis added). The allegations fail to put Acer on notice of the basis of American Patents' induced infringement allegations.

## IV.   THE CONTRIBUTORY INFRINGEMENT ALLEGATIONS DO NOT MEET THE PLEADING STANDARDS OF BOTH GLOBAL-TECH AND INMOTION IMAGERY

The knowledge requirement is also necessary to a contributory infringement claim. *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1926 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.") American Patents fails this requirement for the same reasons set forth above. The contributory infringement allegations fail to put Acer on notice of what it must defend.

Contributory infringement allegations also require a plaintiff to at least (1) identify the allegedly infringing material or apparatus and (2) plead that the component is a material part of the invention and has no non-infringing uses.  *InMotion Imagery Techs. v. Brain Damage Films*,

No. 2:11-CV-414-JRG, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012). As set out in Acer's Motion, Plaintiffs have not met either requirement. *See* Dkt. No. 16 at 17-18.

American Patents argues that the products were identified earlier in the complaint. Dkt. No. 17 at 11. As stated in Part I, the product accusations for direct infringement are far too vague and broad to place the Acer on notice of what it must defend. Referencing back to the products and features vaguely identified earlier in the complaint offers no greater clarity to Acer. For example, products with "[t]he special features [such as] advanced keyboard layout capabilities in a manner that infringes" are defined earlier in the complaint as "products and/or systems that include advanced keyboard layouts." *Compare* Dkt. No. 1 ¶ 105 *with* Dkt. No. 1 ¶ 73. American Patents has not identified the allegedly infringing material or apparatus, failing step one of the pleading standard, and thus Acer does not understand what Acer must defend.

The Opposition also raises a strawman argument that special features can be the basis of contributory infringement claims. Dkt. No. 17 at 10. Nowhere has Acer argued that special features cannot be the basis of a contributory infringement claim. Acer's argument, rather, is that American Patents' identification of components possessing these special features is inadequate. Dkt. No. 16 at 18. Both cases the Opposition cites, *Ricoh Co. v. Quanta Computer Inc.* and *i4i Limited Partnership* attach liability on *separable* components with the special features within the larger products. *See i4i Limited Partnership v. Microsoft Corp.*, 670 F.Supp.2d 568, 578 n.5 (E.D. Tex. 2009) (noting that the Federal Circuit in *Ricoh* ruled that the "substantial non-infringing use" analysis is focused on an accused *separable* feature when embedded in a larger product) (emphasis added). The Complaint has not alleged anything that indicates the accused features are separable from the larger accused product. If the component with the special feature is separable from the larger product it is embedded in, only the separable component with the special feature should be at issue for whether that component is "a material part of the invention" and has "no non-infringing uses."

*InMotion Imagery Techs* at *3. If the component with the special feature and the larger product are *not* separable, the entire (larger) product should be at issue for the "material part of the invention" and "no non-infringing uses" inquiry. *Id.* Without additional information, Acer cannot figure out whether the component or the larger product is being accused, or what it must defend as being "a material part of the invention" and having "substantial non-infringing uses."

## V.     THE WILLFUL BLINDNESS ALLEGATIONS HAVE NO FACTUAL BASIS

American Patents attempts to substitute the pre-suit knowledge requirement for indirect infringement with an allegation of willful blindness. Dkt. No. 17 at 11. However, the Complaint's willful blindness allegations are insufficiently pleaded. Willful blindness requires a plaintiff to plead (1) the defendant…subjectively believe[s] that there is a high probability that a fact exists and (2) the defendant take[s] deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

The Supreme Court explicitly warned against "a finding of knowledge when there is merely a 'known risk.'" *Id.* at 770. The language used in American Patents' Complaint against Acer does not meet this threshold. American Patents asserts that Acer was willfully ignorant due to "a policy or practice of not reviewing the patents of others." Dkt. No. 1 ¶ 106. This sweeping generalization fails to identify affirmative actions taken by Acer to avoid knowledge of the actual Patents-in-Suit as required. *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) (dismissing willful blindness theory for failing "to identify affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit"). Faced with a similar scenario, the court in *Nonend v. Apple, Inc.* found that an alleged policy asking employees to ignore patents and patent applications "does not per-se constitute 'willful blindness'" and more must be alleged to show such a policy "rise[s] to the level of 'willful blindness.'" *Nonend Inventions v. Apple. Inc.*, No. 2:15-CV-466-JRG-RSP, 2016 WL 1244973 (E.D. Tex. Mar. 30,

2016).  Similarly, the court in *Vasudevan* dismissed the plaintiff's complaint for accusing the defendant of "taking deliberate actions to avoid a known risk" instead of "identify[ing] any affirmative actions taken by [the defendant] to avoid gaining actual knowledge of [the specific patent at issue]."  *Vasudevan Software, Inc. v. TIBCO Software, Inc.,* No. C 11-06638 RS, 2012 WL 1831543, at *6 (N.D. Cal. May 18, 2012).  Like the Plaintiff in *Vasudevan*, even if American Patents' statements were taken as true, they would not *plausibly* show Acer subjectively believed there was a high probability it was infringing American Patents' patents *and* that it took deliberate actions to avoid learning of this fact.  Equally concerning, American Patents' assertion that Acer has a "policy or practice" of ignoring patents rests on an uncited sentence in a law review article containing the broad proposition that "virtually everyone [ignores patents]."  M. Lemley, *Ignoring Patents*, 2008 Mich. St. L. Rev. 19, 21-22 (2008).  Acer is not specifically identified, and the article does not refer to any of the Patents-in-Suit as being ignored.  *Id.*  Allowing this overbroad, unsupported generalization to pass muster for specific allegations against a defendant offends decades of case law requiring statements of fact to be made in good faith.  *See generally Ashcroft v. Iqbal* (2009), 556 U.S. 662; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  For these reasons, American Patents' allegations as pled do not establish willful blindness.

## VI.   THE WILLFUL INFRINGEMENT ALLEGATIONS DO NOT MEET THE KNOWLEDGE OF RISK REQUIREMENT

This Court upheld the *Halo* standard requiring a claim for willful infringement to show "culpable infringement behavior, characterized as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or – indeed – characteristic of a pirate.'"  *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 216CV00052JRGRSP, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016)). Such behavior can be supported by proof the defendant "acted despite a risk of infringement that was either known

or so obvious that it should have been known to the accused infringer." *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016). American Patents did not plead facts suggesting Acer's "culpable infringement behavior." By improperly pleading the elements required to bring forth its claim, American Patents fails to put Acer on fair notice as to why it is accused of willful infringement and against what it must defend.  *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 6:11-CV-229, 2012 WL 9864381, at \*2 (E.D. Tex. July 27, 2012) (citing *Twombly,* 550 U.S. at 545). The only "facts" American Patents offers as to Acer's knowledge of a risk is "a policy or practice of not reviewing the patents of others" which, as shown previously, is grounded in a conclusory, uncited sentence in a law review article. Dkt. No. 1 ¶ 106, *see supra* Part V.  The Opposition also cites to *Script v. Amazon* and claims that American Patents has met the pleading requirements there. Dkt. No. 17 at 14. *Script* is inapplicable in this instance as the pleading requirements set out by that court deal with pleading standards set out by *Seagate* that has since been abrogated by *Halo*.  *Script Sec. Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 938–39 (E.D. Tex. 2016). Even if applicable, American Patents has still not adequately pleaded knowledge of the patents prior to this suit and cannot rely on the naked allegation of a "policy or practice" to allege knowledge through willful blindness. *See supra* Part V.

## VII.  AT MINIMUM, PRE-SUIT WILLFUL INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

American Patents' Opposition misstates Acer's position as "willful infringement [in general] must be based on pre-suit knowledge of the patents." Dkt. No. 17 at 14. This is incorrect. What Acer argues is that the law requires pre-suit knowledge of the patent to allege willfulness *for pre-suit conduct*. *See T-Rex Prop. AB v. Regal Entm't Group*, No. 6:16-CV-1029-RWS-KNM, 2017 WL 4229372, at \*10 (E.D. Tex. Aug. 31, 2017) (finding the plaintiff failed to state a claim

for pre-suit willful infringement despite alleging constructive knowledge or willful blindness to infringement because there were no facts such as how or when the defendant acquired constructive knowledge of the Patents-in-Suit before the suit). In the Opposition, American Patents argues that its pleading of "a policy or practice of not reviewing the patents of others" is sufficient to infer pre-suit knowledge through willful blindness. Dkt. No. 17 at 15. There are two issues with this: (1) no authority states willful blindness is a substitute for actual or constructive knowledge of infringement and (2) the allegations of willful blindness are not sufficiently factually supported.

There is no authority stating that willful blindness can support a claim for pre-suit willful infringement. *T-Rex Prop. AB v. Regal Entm't Group*, No. 6:16-CV-1029-RWS-KNM, 2017 WL 4229372, at *10 (E.D. Tex. Aug. 31, 2017) (noting that it is unclear whether the doctrine of willful blindness extends to willful infringement), *see also Nonend Inventions, N.V. v. Apple. Inc.*, No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740, at *2 (E.D. Tex. Mar. 11, 2016) (declining to address whether willful blindness can serve as a substitute for actual knowledge in a willful infringement allegation). The Opposition cites no authority to support willful blindness underlying an allegation of willful infringement and the citation of *Blitzsafe v. Volkswagen* is irrelevant. There, pre-suit willful infringement was found on constructive knowledge grounds that were *not* willful blindness. *See Blitzsafe Texas, LLC v. Volkswagen Group of Am., Inc.*, No. 215CV1274JRGRSPLEADC, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016) (finding plausible pre-suit constructive knowledge of the issued patent-in-suit because the defendant had cited a patent application of a patent-in-suit in an *inter partes* reexamination).

Even if willful blindness could support a claim for willful infringement, American Patents has not sufficiently alleged facts to infer willful blindness. As discussed above, there is no basis to

support that Acer subjectively believed there was a high probability it was infringing American

Patents' patents *and* that it took deliberate actions to avoid learning of this fact. *See supra* Part V.

## VIII.   <u>CONCLUSION</u>

For these reasons, Acer respectfully requests the Court to dismiss American Patents'

Complaint for failure to state a claim upon which relief can be granted or to compel American

Patents to provide a more definite statement.

Dated: January 31, 2019                           Respectfully submitted,

                                                  By: /s/ *Michael C. Ting*                      
                                                  Michael C. Ting
                                                  California State Bar No. 247610
                                                  *Admitted in the Eastern District of Texas*
                                                  TECHKNOWLEDGE LAW GROUP LLP
                                                  100 Marine Parkway, Suite 200
                                                  Redwood City, CA 94065
                                                  Tel: (650) 517-5256
                                                  Fax: (650) 226-3133
                                                  *mting@tklg-llp.com*

                                                  *Attorney for Defendant Acer Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2019, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system pursuant to Local rule CV-5(3), which will send notification

of such filing to all counsel of record.

                                                  /s/ *Michael C. Ting*                     
                                                  Michael C. Ting