# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC, | CIVIL ACTION NO. 4:18-cv-697-ALM |
| Plaintiff, | |
| v. | |
| ACER INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**AMERICAN PATENTS' SUR-REPLY TO ACER INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**I.    THE COMPLAINT SUFFICIENTLY PLEADS DIRECT INFRINGEMENT**

In its reply, Acer appears to be arguing that the complaint does not identify accused products.  *See* Reply at 1-2.  This argument was not previously raised, and is thus waived.  *See Gillaspy v. Dallas Independent Sch. Dist.*, 278 Fed. Appx. 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."); *Saint Lawrence Comms. LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712153, at *4 n.4 (E.D. Tex. Feb. 6, 2017) ("Arguments raised for the first time in a reply brief, however, are waived." (citing *Flooring Sys., Inc. v. Chow*, No. 4:12-cv-475, 2013 WL 4674667, at *1 n.2 (E.D. Tex. Aug. 29, 2013))).

Acer's new argument also lacks merit.  Acer cites to various cases supposedly standing for the point that allegations identifying general categories of products are not sufficiently specific in a case involving "complex" technology, thereby implying that American Patents' complaint does not identify specific accused products.  *See* Reply at 2.  Acer now states, for example, that the complaint accuses "'systems . . . that include 802.11ac and/or LTE capabilities," Reply at 2, and asserts that it is unable to identify accused products corresponding to these features.

But in its opening brief, Acer had no problem identifying accused products!  *See, e.g.*, Mtn. at 3 ("American Patents alleges that Acer infringes the Mody, Maria, and Knox patent families by selling its Chromebook, Aspire, Iconia, and Swift line of products.").  And it was able to match specific accused products with the particular features it now identifies.  *See, e.g.*, *id.* ("According to the complaint, the Chromebook, Inspire, and Swift line of products allegedly infringe the Mody patents by 'includ[ing] 802.11ac and/or LTE capabilities.'").  So Acer's new argument is, frankly, bizarre—and the new cases it cites are inapposite.  There is no question that Acer is on notice of the accused technology in this suit.

Acer also now asserts that *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), somehow supports this new argument, by arguing that that case

1

involved simpler technology such that "a picture and two paragraphs were deemed sufficient to allege direct infringement." *See* Reply at 1. But Acer's own briefing acknowledges the exemplary accused products as to each asserted patent. *See supra*.

And it is worth noting that "complexity" is in the eye of the beholder. *See KOM Software Inc. v. NetApp, Inc.*, No. 1:18-cv-160-RGA, 2018 WL 6167978, at *2 (D. Del. Nov. 26, 2018) ("Generally-speaking, to a tech company, a tech patent is going to be simple, or at least understandable, even if [the Court] do[es] not understand a word of it. Thus, what would be incomprehensible to [the Court] is still going to give 'fair notice' to the company that makes the product, and to most companies that import, sell, or use the product.") (finding that complaint stated a claim for direct infringement and denying motion to dismiss). Further, *Disc Disease* says nothing about different levels of allegations applying to different types of technology. If anything, courts have read *Disc Disease* to impose a very low standard for pleading infringement. *See id.* at *1 ("It seems apparent to me that the [Federal Circuit] Court's view generally is that very little is required to plead a claim of patent infringement.").

## II. THE COMPLAINT SUFFICIENTLY PLEADS DIRECT INFRINGEMENT OF THE '655 AND '090 PATENTS

Acer's arguments for direct infringement on reply largely rehash the points from its motion that were already addressed in the opposition. Acer does now claim that "Acer's Iconia tablets cannot perform the asserted methods without modification by the user." Reply at 3. But that is a substantive noninfringement argument that is not properly raised in a Rule 12(b)(6) motion to dismiss. The complaint properly alleges that Acer infringes by "making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale" the accused Iconia products. It does not allege that modification by the user is required. *See* Opp'n at 7-8. On this motion, American Patents' allegations must be taken as true—despite Acer's denials.

### III. THE COMPLAINT SUFFICIENTLY PLEADS INDUCED INFRINGEMENT

In its reply, Acer asserts that American Patents' opposition brief did not "address knowledge or specific intent." Reply at 4. But Acer did not raise that issue in its opening brief,[1] and so it is now waived. *Gillaspy*, 278 Fed. Appx. at 315; *Saint Lawrence Comms. LLC*, 2017 WL 3712153, at *4. In any case, as Acer conceded in its opening brief, the complaint identifies direct infringers and alleges knowledge as well as specific intent to infringe. *See* Mtn. at 15-16 ("The [complaint] alleges that Acer has induced 'the end-users, Acer's customers' to directly infringe the asserted patents 'by using the accused products' because Acer 'took active steps . . . with the specific intent to cause [its users] to use the accused products in a manner that infringes one or more claims of the patents-in-suit." (quoting Dkt. 1 at ¶ 103)). This is all that is required to plead a claim for induced infringement. *See, e.g.*, *Cywee Grp. Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-cv-495-WCB, 2018 WL 3819392, at *3 (E.D. Tex. Aug. 10, 2018) (Bryson, J., by designation).

Acer also cites a new case, *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015), for the proposition that "generic allegations that an alleged infringer provides instructional materials along with the accused products, ***without more***, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." Reply at 4. But that is not what is going on here. Instead, American Patents' complaint alleges that, among other things, Acer induces by "advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner." Dkt. 1 at ¶ 103; *see also id.* ¶ 104. This is more than sufficient to allege induced infringement. *See Cywee Grp. Ltd.*, 2018 WL 3819392, at *2 (holding that allegation that defendant provides "manuals and instructions . . . and/or provides instructional and support

---

[1] Acer did raise the issue of willful blindness in a separate section, *see* Mtn. at 18-19, but American Patents provided a thorough response to that issue, *see* Opp'n at 11-12.

3

materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention" was sufficient to plead induced infringement).

IV. **THE COMPLAINT SUFFICIENTLY PLEADS CONTRIBUTORY INFRINGEMENT**

As to contributory infringement, Acer repeats its brand-new argument that it does not know what the accused products are, despite having readily identified and matched the accused products to specific asserted patents and specific accused features in its opening brief. *Compare* Reply at 5 (claiming Acer is unable to determine what accused product has "special features [such as] advanced keyboard layout capabilities") *with* Mtn. at 3 (identifying the "Iconia devices" as being accused of having "advanced keyboard layouts including . . . predictive text and other advanced keyboard layout abilities."). Acer's feigned confusion as to the identity of the accused products is wholly unpersuasive.

Acer next argues that the complaint's contributory infringement allegations are deficient for failure to "allege[] anything that indicates the accused features are separable from the larger accused product." Reply at 5-6. This, too, is a completely new argument; nowhere in Acer's motion does it so much as mention the terms "separable" or "separability."[2] As such, the argument is waived. *Gillaspy*, 278 Fed. Appx. at 315; *Saint Lawrence Comms. LLC*, 2017 WL 3712153, at *4. Acer does not even attempt to explain why it withheld this argument from its opening motion, and the Court should not consider it.

But even were the Court to consider this new argument, Acer does not cite to a single case that relies on a lack of expressly alleged "separability" to dismiss a contributory infringement claim. Indeed, Acer does not provide any support for the concept that "separability" is a requirement at **any** time, let alone at the pleading stage. *i4i Limited Partnership v. Microsoft*

---

[2] Acer's new argument is a transparent attempt to deflect from its misstatement of the law in its opening brief. In the opening brief, Acer asserted that "the question is not whether the *special features* meet those requirements but whether the accused devices as a whole meet those requirements." Mtn. at 17 n.5 (emph. in orig.). Now it states, rather disingenuously, that "[n]owhere has Acer argued that special features cannot be the basis of a contributory infringement claim." Reply at 5. Evidently trying to save face, it quickly pivots to its new "separable component" argument.

4

*Corp.*, 670 F. Supp. 2d 568 (E.D. Tex. 2009), did not adopt any requirement or test for "separability," and it expressly rejected any requirement that products must be "physically separable." *Id.* at 578 n.5 ("Thus, i4i has sufficiently made ***any threshold showing of 'separability' that may be required*** by the *Ricoh* decision and 'substantial non-infringing use' will therefore be analyzed within the context of the accused feature and not the product as a whole." (emph. added)). What is more, *i4i* is a decision on a motion for judgment as a matter of law and says nothing about the pleading standard for contributory infringement. Even further afield is *InMotion Imagery Technologies v. Brain Damage Films*, No. 2:11-cv-414-JRG, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012). That case has nothing whatsoever to do with "separability" (it does not even contain the term), and indeed the complaint did not identify any components at all. Thus, even if the Court considers Acer's new argument—which it should not—it should find the argument without merit.

V.   **THE COMPLAINT SUFFICIENTLY PLEADS WILLFUL BLINDNESS**

For the first time on reply, Acer asserts that American Patents' complaint "fails to identify affirmative actions taken by Acer to avoid knowledge of the actual Patents-in-Suit," and cites cases purportedly requiring a complaint to identify affirmative actions to avoid knowledge. Reply at 6-7. But this new argument rests on extremely selective quoting of the complaint. *See* Reply at 6 ("American Patents asserts that Acer was willfully ignorant due to 'a policy or practice of not reviewing the patents of others.'" (quoting Dkt. 1 at ¶ 106)). The complaint actually alleges that Acer "has a policy or practice of not reviewing the patents of others (***including instructing its employees to not review the patents of others***)[.]" Dkt. 1 at ¶ 106 (emph. added); *see also* Mtn. at 19 (acknowledging full quotation). Instructing its employees to not review others' patents is an affirmative act, so Acer's new argument fails.

Next, Acer attempts to dismiss as "overbroad, unsupported generalization" the litany of cited publications American Patents presented in its opposition brief. Reply at 7. But Acer forgets how we got here. A core part of Acer's attack on the willful blindness allegations had nothing to do with an argument that they were conclusory in the relevant sense: i.e., purely a

5

restatement of the legal elements. Rather, Acer called these factual allegations an "imagined conspiracy." Mtn. at 19. So, appropriately, American Patents' opposition showed publication after publication confirming that Acer's alleged behavior was endemic to the tech industry—something "virtually everyone does." Ex. 1 [Lemley article] at 21-22; Opp'n at 11-12 & n.3 (collecting articles). Acer's reply is not to rebut the truth of the articles, but to protest that they are improper evidence.

American Patents cited those publications because the true thrust of Acer's initial attack was not under Rule 12(b)(6). Rather, Acer argued that the complaint's willfulness allegations were entirely made up, without any real-world foundation. But as those publications show, American Patents has very good reason to believe that Acer—as a large tech company—has a policy or practice of not reviewing others' patents, including taking the affirmative act of instructing its employees to not review others' patents.

American Patents obviously has not had an opportunity to review Acer's internal company policies or depose any of its employees. Indeed, it is unclear how American Patents could ethically acquire the specific information Acer seems to demand at this stage in the proceedings. If, after discovery, American Patents is unable to prove these allegations, then Acer will have the opportunity to move for summary judgment on this issue.

But based on the information currently available, American Patents easily has a good-faith belief that discovery will likely reveal this allegation to have evidentiary support. Opp'n at 11-12; *see also* Rule 11(b)(3) (authorizing pleading on information and belief if allegations "will likely have evidentiary support after reasonable opportunity for further investigation or discovery"); *Script Security Solns. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 938 (E.D. Tex. 2016) (Bryson, J., by designation) (finding that similar allegations sufficiently pleaded willful blindness for inducement claim). No more is needed at this point.

## VI. THE COMPLAINT SUFFICIENTLY PLEADS WILLFUL INFRINGEMENT

### A. American Patents Plausibly Alleged that Acer Intentionally Infringed

In Part VI of its reply, Acer addresses willful infringement. *See* Reply at 7-8. To the extent American Patents can understand Acer's argument here, this section appears to be little more than a rehash of Acer's new (and waived) argument that the complaint did not plead affirmative acts in support of its willful blindness allegations. *See* Reply at 7-8. As explained above, this is simply false. *See supra* Part VI.

Acer also argues that *Script Security* is inapplicable because it addressed "pleading standards set out by *Seagate* that has since been abrogated by *Halo*." Reply at 8. But Acer fails to explain why it believes *Halo* changed the pleading standard or provide any support for that proposition. And, in fact, *Halo* did not overrule the portion of the Seagate test at issue here—"subjective willfulness":

> At the same time, Halo did not disturb the substantive standard for the second prong of *Seagate*, subjective willfulness. Rather, *Halo* emphasized that **subjective willfulness alone**—i.e., proof that the defendant acted despite a risk of infringement that was " 'either known or so obvious that it should have been known to the accused infringer,'" *Halo*, 136 S.Ct. at 1930 (quoting *Seagate*, 497 F.3d at 1371)—can support an award of enhanced damages.

*WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (emph. added); *see also* Opp'n at 13-14.

### B. American Patents Plausibly Alleged Pre-Suit Acts of Willful Infringement

Finally, Acer argues that the complaint does not allege knowledge of the asserted patents sufficiently to support a claim for willful infringement based on pre-suit activity. Reply at 8-10. Acer is wrong for two reasons.

First, it argues that "[t]here is no authority stating that willful blindness can support a claim for pre-suit willful infringement." Reply at 9. This argument is raised for the first time on reply and is thus waived. *Gillaspy*, 278 Fed. Appx. at 315; *Saint Lawrence Comms. LLC*, 2017 WL 3712153, at *4. It is also incorrect. *See Cascades AV LLC v. Evertz Microsys. LTD*, No. 17-cv-7881, 2019 WL 172758, at *6 (N.D. Ill. Jan. 11, 2019) (denying motion to dismiss indirect infringement and willful infringement claims and noting that "pleading knowledge requires only

7

allegations that the party inducing or contributing to infringement know of (or be willfully blind to the existence of) a patent, and that the product or activity at issue infringes." (citing *Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009)); *Corephotonics, Ltd. v. Apple, Inc.*, Nos. 17-cv-06457-LHK, 18-cv-02555-LHK, 2018 WL 4772340, at *9 (N.D. Cal. Oct. 1, 2018) ("Post-*Halo*, courts have recognized that allegations of willful blindness can satisfy the knowledge requirement for willful infringement." (citing *Straight Path IP Grp., Inc. v. Apple Inc.*, 2017 WL 3967864, at *4 (N.D. Cal. Sept. 9, 2017))) (denying motion to dismiss willful infringement claim).[3] In contrast, Acer cites to no case stating that willful blindness **cannot** support a claim for pre-suit willful infringement.

Second, Acer repeats its (new, waived) argument that American Patents has not sufficiently alleged facts to infer willful blindness.  Reply at 9-10.  The argument fails for the reasons explained in Part VI, *supra*.

## VII. CONCLUSION

As explained in American Patents' opposition and further above, the Court should deny the motion to dismiss.

Dated: February 15, 2019                             Respectfully submitted,

/s/ *Larry D. Thompson, Jr.*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com

---

[3] *See also Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), *rpt. & rec. adopted*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016).

8

        Michael D. Ellis
        Texas Bar No. 24081586
        michael@ahtlawfirm.com

        ANTONELLI, HARRINGTON
        & THOMPSON LLP
        4306 Yoakum Blvd., Ste. 450
        Houston, TX 77006
        (713) 581-3000

        Stafford Davis
        State Bar No. 24054605
        sdavis@stafforddavisfirm.com
        Catherine Bartles
        Texas Bar No. 24104849
        cbartles@stafforddavisfirm.com
        THE STAFFORD DAVIS FIRM, PC
        The People's Petroleum Building
        102 N College Ave., 13th Floor
        Tyler, Texas 75702
        (903) 593-7000

        *Attorneys for American Patents LLC*